

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Grant v. Paul

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Grant v. Paul" (2007). *2007 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-28                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3864
_____

GREGORY T. GRANT,
                                        Appellant
vs.

MICHAEL G. PAUL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-3807)
District Judge:  Honorable Anne E. Thompson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
( Filed   December 6, 2007)

_____

OPINION
_____

PER CURIAM.

        Gregory T. Grant, a prisoner proceeding pro se, brought this action under 42

U.S.C. § 1983 against Michael G. Paul, Esq., his court-appointed attorney, for ineffective

assistance of counsel during the course of the criminal proceedings against Grant.  The

District Court dismissed his complaint sua sponte for failure to state a claim. For the reasons provided by the District Court, we agree and will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B).

Grant is currently incarcerated at the Central Reception and Assignment Facility in West Trenton, New Jersey. He alleges that Paul, his court-appointed attorney, refused to allow him to explain how he had been falsely accused of the charges contained in the indictment; Paul also allegedly told Grant that he was probably "high on drugs" on the night of his arrest, that Grant would lose at trial, and that Grant would receive a ten-year sentence. Paul then allegedly withdrew – without Grant's permission – Grant's "appeal" regarding the withdrawal of his guilty plea. Grant has been appointed new counsel in state court. Grant alleges that Paul's conduct violated his Sixth Amendment right to effective assistance of counsel, and he seeks damages of $1,000 a day for each day of his continued incarceration.

As the District Court explained, a court-appointed defense attorney is not a state actor for purposes of a § 1983 action simply "by virtue of being an officer of the court . . . ." Polk County v. Dodson, 454 U.S. 312, 318 (1981). This is because, "[i]n our system a defense lawyer characteristically opposes the designated representatives of the State." Id. Because the complaint contains no allegations to suggest that Paul is a state actor properly sued under § 1983, we conclude that the District Court properly dismissed Grant's complaint, and we dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

2